**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MASONRY INSTITUTE, BRICKLAYERS | ) | |
| LOCAL 21 PENSION FUND, DISTRICT | ) | |
| COUNCIL TRAINING CENTER FUND, | ) | |
| AND BRICKLAYERS AND STONE | ) | Case No. 08 CV 3871 |
| MASONS OF ILLINOIS DISTRICT COUN- | ) | |
| CIL NO. 1 B.A.C. ANNUITY TRUST FUND, | ) | Judge Zagel |
| | ) | |
| Plaintiffs, | ) | Magistrate Judge Mason |
| | ) | |
| Vs. | ) | |
| | ) | |
| J. KAPCHECK & COMPANY, an Illinois | ) | |
| Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER TO COMPLAINT**

NOW COMES the Defendant, J. KAPCHECK & COMPANY, an Illinois Corporation,

by and through its attorneys, BERGLUND & MASTNY, P.C., and for its Answer to Plaintiff's

Complaint, states as follows:

1.  This action is brought under the provisions of Section 502(g)(2), (a)(3) and 515 of the

Employee Retirement Income Security Act of l974 ("ERISA"), 29 U.S.C. §§ 1132(g)(2), (a)(3),

and 1145.

**ANSWER:  Defendant admits the allegations contained in this paragraph.**

2.  Jurisdiction in this Court is based upon Sections 502(3)(1) and 502 (e)(2) of ERISA,

29 U.S.C. §§ 1132(e)(1) and (e)(2).  Section 502(e)(2) states in relevant part:

> Where an action under this subchapter is brought in a district court of the United States,
> it may be brought in the district where the plan is administered, where the breach took
> place, or where a defendant resides or may be found, an process may be served in any
> other district where a defendant resides or may be found.

**ANSWER:  Defendant admits the allegations contained in this paragraph.**

3.  The MASONRY INSTITUTE, BRICKLAYERS LOCAL 21 PENSION FUND,

DISTRICT COUNCIL TRAINING CENTER FUND, AND BRICKLAYERS & STONE

MASONS OF ILLINOIS DISTRICT COUNCIL NO. 1 B.A.C. ANNUITY TRUST FUND,

("Funds") receive contributions from numerous employers pursuant to collective bargaining agreements heretofore entered into between District Council No. 1 of the International Union of Bricklayers and Allied Craftsmen ("Union") and Defendant, and the Funds are maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal law and the Funds are administered pursuant to the terms and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

**ANSWER: Defendant admits the allegations contained in this paragraph.**

4.  The Fund office is located at 2340 South River Road, Suite 303, Des Plaines, Illinois 60018-3224, and the Funds are administered in the Northern District of Illinois.

**ANSWER: Defendant admits the allegations contained in this paragraph.**

5.  As provided in the Trust Agreement, Plaintiffs are required to receive, hold and manage all monies required to be contributed to the Funds in accordance with the provisions of the then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Trust Agreement.

**ANSWER:  Defendant has insufficient knowledge to admit or deny the allegations made in this paragraph.**

6.  Defendant is an employer engaged in an industry affecting commerce and maintains its principal place of business at 965 Lively Blvd., Elk Grove Village, Illinois 60007.

**ANSWER:   Defendant admits that it was engaged in an industry affecting commerce and had its principal place of business at 965 Lively Blvd., Elk Grove Village, IL 60007.  Defendant denies that it is currently engaged in an industry affecting commerce.**

7.  Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreement or agreements referred to herein, by the terms of which Defendant was required to contribute to the Funds.

**ANSWER:  Defendant admits the allegations contained in this paragraph.**

8.  Plaintiffs are advised and believe the Defendant has repeatedly failed to submit accurate contribution reports and the required payments thereon to the Funds pursuant to the terms of the Collective Bargaining Agreement by which it was bound, all in violation of its contractual obligations and its obligations under applicable federal statutes.

**ANSWER:  Defendant denies that it has repeatedly failed to submit accurate contribution reports but admits that it owes contribution reports and contributions to the Funds.**

9.  As a result of the above-described omissions and breaches of agreement by Defendant, Plaintiffs may be required to (a) deny the employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide to employees of Defendant the benefits provided under the benefit plan, notwithstanding Defendant's failure to make the required contributions thereto, thereby reducing the corpus of such Funds and endangering the rights of the employee beneficiaries thereunder on whose behalf contributions are being made, all to their substantial and irreparable injury.

**ANSWER: Defendant has insufficient knowledge to admit or deny the allegations made in this paragraph.**

10.  Plaintiffs, in their behalf, and on behalf of all employees for whose benefit the Funds were established, have requested Defendant to perform its obligations, but Defendant has refused and failed to perform as herein alleged.

**ANSWER: Defendant admits that it has not paid all contributions since it does not have the money to do so.**

11.  Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Collective Bargaining Agreement and the Trust

Agreement, and is restrained from continuing to refuse to perform as thereunder required.

**ANSWER: Defendant has insufficient knowledge to admit or deny the allegations made in this paragraph.**

12.  Defendant is delinquent to the Funds for the period of April 1, 2004, through June 30, 2008, in the estimated amount of $200,000.00.

**ANSWER:  Defendant denies the allegations made in this paragraph**.

13.  Defendant's failure to pay is a violation of the Collective Bargaining Agreement and the Trust Agreement.  Plaintiffs, therefore, seek enforcement of these provisions pursuant to Section 502(a)(3),(b)(ii) and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C., Sec. 185(a).

**ANSWER:  Defendant admits that it has been unable to pay contributions as required by said agreements**.

WHEREFORE, Defendant moves this Honorable Court to deny Plaintiffs' Judgment in the amount of $200,000.00 and prays for other relief as this Court deems just and equitable.

Respectfully submitted,

J. KAPCHECK & COMPANY


By:    s/ Joseph P. Berglund
          One of Its Attorneys

Joseph P. Berglund
Kenneth M. Mastny
Berglund & Mastny, P.C.
1010 Jorie Blvd., Suite 370
Oak Brook, IL   60523
(630) 990-0234


J:\C-Drive\WPDOCS\JKapcheck\Answer to Complaint.wpd

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MASONRY INSTITUTE, BRICKLAYERS )
LOCAL 21 PENSION FUND, DISTRICT )
COUNCIL TRAINING CENTER FUND, )
AND BRICKLAYERS AND STONE )  Case No. 08 CV 3871
MASONS OF ILLINOIS DISTRICT COUN- )
CIL NO. 1 B.A.C. ANNUITY TRUST FUND, ) Judge Zagel
     Plaintiffs,  )  Magistrate Judge Mason
         )
  Vs.      )
         )
J. KAPCHECK & COMPANY, an Illinois )
Corporation,      )
     Defendant.  )

NOTICE OF FILING

To: Robert B. Greenberg
  Asher, Gittler, Greenfield & D'Alba, Ltd.
  200 West Jackson Blvd., Suite 1900
  Chicago, Illinois 60606

  PLEASE TAKE NOTICE that on the 5th day of August, 1008, I caused to be filed with
the United States District Court, for the Northern District of Illinois, **Defendant's Answer to
Complaint**, a copy of which is attached hereto and served upon you.

       s/ Joseph P. Berglund
        Joseph P. Berglund

**CERTIFICATE OF SERVICE**

  I, Joseph P. Berglund, certify that I served this Notice of Filing and attached Answer to
Complaint upon the individual(s) listed at the address above, pursuant to ECF as to filing users
on this **5th** day of **August, 2008**.

       s/ Joseph P. Berglund
        Joseph P. Berglund

Berglund & Mastny, P.C.
1010 Jorie Blvd., Suite 370
Oak Brook, IL 60523
630-990-0234

## CERTIFICATE OF SERVICE

I, Johnine Browne, certify that I served this Notice of Filing and attached Answer to Complaint upon the individual(s) listed at the address above,  pursuant to ECF as to filing users on this  **5th**  day of **August, 2008**.

_____

Johnine Browne